IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
SEP 1 0 2004
Michael N. Milby, Clerk

| | |
|---|---|
| ROBERT P. BERG D/B/A § <br> BOB BERG BUCKLES D/B/A § <br> SILVERDALES, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> JOANNE SYMONS D/B/A § <br> HY O SILVER, § <br> § <br> Et al. § <br> § <br> Defendants. § | CIVIL ACTION NO. H-03-2683 |

DEFENDANT'S OPPOSITION TO MOTION OF LINDA C. PARRISH, OF
JACKSON WALKER L.L.P. TO WITHDRAW AS
ATTORNEY-IN-CHARGE FOR PLAINTIFF, ROBERT P. BERG
D/B/A BOB BERG BUCKLES D/B/A SILVERDALES

Defendant Joanne Symons ("Ms. Symons") files this Opposition to the Motion of Linda C. Parrish of Jackson Walker L.L.P. to Withdraw as Attorney-In-Charge of Plaintiff, Robert P. Berg D/B/A Bob Berg Buckles D/B/A/ Silverdales and sets forth the reasons below.

I.  INTRODUCTION

Robert P. Berg ("Mr. Berg" or "Plaintiff") filed suit against Ms. Symons for copyright infringement on July 18, 2003. Since that time, Ms. Symons has filed counterclaims. She has attempted to use the discovery process to build her case for her counterclaims and to mount her defense. Specifically, Ms. Symons filed one Motion for Summary Judgment, for which this Court recently issued an order. Ms. Symons has sent

out two sets of interrogatories, two sets of document requests and one set of admissions. The second set of both the interrogatories and document requests, along with the first set of admissions had a response due date of Friday, September 3, which was also the close of discovery in this case. Ms. Symons did not get a response to that discovery. The Admissions should therefore be deemed admitted.[1]

Plaintiff's failure to follow the Rules of Civil Procedure by not responding to Defendant's discovery requests has not been unusual in this case. Mr. Berg also missed his deadline to answer the counterclaims filed by Ms. Symons. Most recently, Ms. Symons received a first set of interrogatories, a first set of document requests, a first set of admissions and a deposition notice for Ms. Symons, all received on Friday, September 3, 2004, the final day of discovery in this case that has been pending for more than one year. As this Court is aware, both the Federal Rules of Civil Procedure, as well as local rules of the United States District Court for the Southern District of Texas consider written discovery requests "not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure, the response would not be due until after the deadline." (see Order, attached hereto as Exhibit A) This discovery was received at 4 p.m. on the discovery cutoff date.

In addition to ignoring these deadlines for answering Defendant's counterclaims and discovery, Mr. Berg failed to appear for a deposition noticed for September 1, 2004 (see Certificate of Non-Appearance, attached hereto as Exhibit B). His counsel also failed to appear for that deposition. The deposition was scheduled to begin at 9:30 a.m.

---

[1] Federal Rule of Civil Procedure Rule 36(a) states "The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney."

at the offices of Goldstein & Faucett, L.L.P. At 10:45 a.m., a secretary from Ms. Parrish's office called at her directive to inquire as to whether or not Mr. Berg has appeared. (see Exhibit B). Neither Mr. Berg nor any representative of Jackson Walker called to cancel or reschedule the deposition, causing undue expense to Ms. Symons. One might wonder why Ms. Parrish is even bothering with a motion to withdraw if is so clear from this pattern of conduct that she is not paying any attention to this case in the first place.

**II.    ARGUMENT**

    **A. Ms. Symons Faces Undue Prejudice If This Case is Delayed**

        **1.    Any Extensions Would Be Costly to Ms. Symons**

Any withdrawal by counsel at this late date would cause undue prejudice to Ms. Symons. Ms. Symons has amassed considerable legal bills, some of which would have been unnecessary with proper cooperation from Mr. Berg and his counsel. Specifically, defense counsel made numerous phone calls, sent emails and other correspondence to Mr. Berg's counsel in an attempt to schedule Mr. Berg's deposition. Many of those emails and letters went unanswered.

It also took numerous attempts to get documents responsive to document requests and there are still many documents that Plaintiff has not produced. To date, Berg has produced only 96 pages of documents despite numerous and detailed document requests. During the deposition of Mr. Berg, for which he finally appeared on September 3, 2004, he testified that he had two rooms full of documents in his house and that approximately one-third of those documents still had not been examined (see Deposition of Mr. Berg, attached hereto as Exhibit C, pg. 6, l;ns. 6-14). He also testified that he had not examined,

3

or had examined, documents from his office in Australia (see Exhibit C, pg. 17, ln. 5 to pg. 19 ln. 3). Most significantly, Mr. Berg testified under oath that he had turned certain documents over to his counsel which have not been produced to Ms. Symons (see Exhibit C, pg. 21, lns. 11-20) (A Motion to Compel was being filed on September 9, 2004).

In light of the extra expense incurred by Defendant that was caused by the lack of cooperation of Plaintiff's counsel, it would be unfair to allow Plaintiff's counsel to escape this suit without payment – her conduct has certainly cost the Defendant. In light of her client's failure to abide by the Rules of Civil Procedure by producing documents and answering Defendant's discovery, it would be unfair to the Defendant if Plaintiff's counsel was allowed to withdraw. In light of the admitted fact that Plaintiff's counsel has certain documents in her possession that are responsive to Defendant's document requests, which Defendant might not be able to obtain in ay other way than from Plaintiff's counsel in light of Plaintiff's failure to abide by the rules, it would be prejudicial to allow Plaintiff's counsel to withdraw.

In addition, Mr. Berg has sued Ms. Symons in Nevada state court for common law copyright and trade dress infringement stemming from the same copyright and trade dress at issue in this Federal Court case (see Complaint, attached hereto as Exhibit D). The Nevada judge, stayed that case pending action by this Court. Any delay in this suit caused by the Motion to Withdraw would be prejudicial to Ms. Symon's position in that Nevada suit. Ms. Symons continues to incur legal fees in that action as well because the judge schedules 90-day status updates.

### 2. Mr. Berg Has Conducted No Discovery in This Case

Mr. Berg would likely have difficulty finding new counsel in this case because the discovery period has closed and, despite filing this case more than 13 months ago, the Plaintiff has conducted no discovery. While Ms. Symons has sent out two rounds of discovery and taken two depositions, Mr. Berg has done nothing. Mr. Berg finally served a first round of discovery on the discovery cutoff day, but as discussed above, that discovery was not timely served. He also served a deposition notice for Ms. Symons, scheduling the deposition nearly a month after the close of discovery. Ms. Symons has not agreed to any extensions of time for the purpose of taking depositions and any extensions of time – either for written discovery or depositions would be prejudicial to Ms. Symons.

### B. Ms. Parrish Errs In Her Discussions of Impending Deadlines

In her Motion to Withdraw, Ms. Parrish asserts that the only impending deadline in this case is the November 19, 2004 docket call. That assertion is untrue. Since Ms. Parrish's filing of her Motion, the discovery period has ended. September 17, 2004 is the Pretrial Motions Deadline and November 12, 2004 is the Joint Pretrial Order and Motion In Limine Deadline (See Exhibit A). In addition, the Court issued a Mediation Order in this case. Mediation is to be completed by October 31, 2004. As ordered by this Court, Ms. Symons contacted mediator Alan Levin to schedule mediation. Mr. Levin's office indicated that it was still waiting to hear from Mr. Berg or his counsel.

### III. CONCLUSION

Ms. Symons has already been forced to spend too much money defending herself due to the uncooperative nature of Mr. Berg and his counsel. Ms. Symons is currently

defending herself against Mr. Berg on three different fronts. Along with the Nevada state case and this Federal Court case, Mr. Berg has re-opened proceedings in Bandera, Texas, in which he has asked the Court to determine ownership of the intellectual property rights. Ms. Symons needs to bring this case to conclusion in November as scheduled. The Motion to Withdraw is untimely, having been filed at the close of discovery, so close to the trial date and with outstanding discovery issues to be resolved. Any delay will unduly prejudice Ms. Symons and this Court should therefore deny Ms. Parrish's Motion.

Date: September 10, 2004

                                      Respectfully submitted,

                                      **GOLDSTEIN & FAUCETT L.L.P.**

                                      By: _/s/ Jody M. Goldstein_
                                      Jody M. Goldstein
                                      State Bar No. 24002153
                                      Edward W. Goldstein

                                      1177 West Loop South
                                      Suite 400

OF COUNSEL                          Houston, TX 77027
                                      Telephone: 713-877-1515
Mark Wisner                        Facsimile: 713-877-1737
State Bar No. 21819370
Mark Wisner & Associates
1177 West Loop South              ATTORNEYS FOR DEFENDANT
Suite 400                                            JOANNE SYMONS
Houston, TX. 77027
Telephone: (713) 785-0555
Facsimile: (713) 785-0561

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2004, the foregoing document(s) entitled **Defendant's Opposition to Motion of Linda C. Parrish, of Jackson Walker, LLP to Withdraw as Attorney-In-Charge for Plaintiff, Robert P. Berg d/b/a Bob Berg Buckles d/b/a Silverdales** was served upon counsel of record named below via Facsimile or First Class Mail:

*Via Facsimile & First Class Mail*

Linda Parrish
**Jackson Walker, LLP**
1401 McKinney Street, Suite 1900
Houston, TX 77010
Facsimile: (713) 752-4221

By: Manuel D. Villegas
    Litigation Assistant

F:\CLIENT\7\7966 J Symons\002\PLEAD\opp to withdrawal.doc