IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT P. BERG | § | |
| D/B/A BOB BERG BUCKLES | § | |
| D/B/A SILVERDALES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-2683 |
| | § | |
| JOANNE SYMONS | § | |
| D/B/A HY O SILVER, | § | |
| | § | |
| Et al. | § | |
| | § | |
| Defendants. | § | |

United States Courts
Southern District of Texas
FILED

DEC 1 2004

Michael N. Milby, Clerk of Court

**PLAINTIFF ROBERT P. BERG'S REPLY TO
DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO WITHDRAW OR AMEND DEEMED ADMISSIONS
AND
MOTION TO STRIKE AFFIDAVIT OF LINDA C. PARRISH**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Robert P. Berg d/b/a Bob Berg Buckles d/b/a Silverdales hereby files his reply to Defendant's opposition to his motion to withdraw or amend deemed admissions re-urging the grant of his motion (and pointing out the unfounded allegations in Defendant's opposition) and also respectfully asking the court to strike the Affidavit of Linda C. Parrish submitted in support of Defendant's opposition.

### A. Criticism of Defendant's Opposition

Rather than respond to Plaintiff's motion on the merits, Defendant Joanne Symons prefers to make unfounded allegations against the Plaintiff Robert P. Berg, including allegations that "Mr. Berg is now lying to his new attorney" or lying to the Court, while soliciting and using an affidavit of Mr. Berg's former counsel to support these charges. There are, of course, two

sides to every story, and counsel for Defendant should not toss around such arguments without responses or input from Mr. Berg, or from his new counsel, neither of which are available to Ms. Goldstein during this litigation.

In her zeal, the Defendant even argues against an affidavit that does not exist. *See* Defendant's Opposition (page 2--"Mr. Berg did the exact opposite of what is asserted in the Affidavit attached to his motion;" page 3--"When informed of the allegations and accusations against her firm in Mr. Berg's Affidavit;" and page 4--"It is not possible to reconcile the facts set out in Ms. Parrish's Affidavit with the facts set out in Mr. Berg's Affidavit."). There is no such affidavit attached to Plaintiff's motion.

What is more glaring about these inaccurate attacks against Plaintiff Robert P. Berg is that they have no bearing on whether the "deemed" admissions should be withdrawn or amended. The test is whether (1) the movant shows that the presentation of the merits will be subserved, and (2) the non-movant fails to show this will prejudice her case. In the present circumstances, Movant has met his burden, while the Defendant has failed to meet her burden.

## B.  Argument

The court should allow the movant to withdraw or amend deemed admissions if it furthers the public policy favoring disposition of cases on the merits, and the nonmovant will not be prejudiced by the withdrawal or amendment. Fed. R. Civ. P. 36(b); *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 154 (6th Cir. 1997); *Hadley v. U.S.*, 45 F.3d 1345, 1348 (9th Cir. 1995).

These admissions at issue go to the very substance of this case and to uphold them would practically eliminate any presentation of the merits of the case. By arguably permitting Defendant an implied license under the copyrighted and trademarked designs, a license that is presumably perpetual, irrevocable, and royalty-free, these admissions are contrary to fact and law and tear the

heart out of this case. They are contrary to the Plaintiff's allegations in his complaint and his consistent position in all his court papers.

Furthermore, the withdrawal or amendment of the deemed admissions will not prejudice Defendant's case. *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). Defendant's legal right is to an opportunity to a full and fair trial on the merits of her positions. A party does not demonstrate prejudice merely by showing that the party who initially obtained the admission will have to convince the fact-finder of its truth if the admission is withdrawn. *Brook Village N. Assocs. v. G.E. Co.*, 686 F.2d 66, 70 (1st Cir. 1982). Here, the Defendant is not prejudiced because the amended admissions are in accordance with Plaintiff's consistent position and Defendant was able to depose Plaintiff for two days to extensively question plaintiff about his legal and factual position. Furthermore, Defendant has had all of her discovery answered. Defendant has been given answers to all of her interrogatories, over 2000 documents in response to her document requests, and answers to all of her admission requests.[1] Plaintiff will be highly prejudiced by being precluded, as he is now by such deemed admissions, of establishing the Defendant's infringement of his federally protected copyrights, trademarks, and trade dresses and his right to damages resulting therefrom.

### C.     Motion to Strike Affidavit of Linda C. Parrish

In support of her opposition, Defendant Joanne Symons included the affidavit of Linda C. Parrish. Ms. Parrish served as Bob Berg's counsel in this case from before the time the Plaintiff's Original Complaint was filed on July 18, 2003, to shortly after the hearing of October 13, 2004, on her Motion to Withdraw as Counsel. Besides being factually incorrect, the affidavit discloses communications protected by the attorney-client privilege (without the written consent of the client), violates the duty of loyalty owed to Mr. Berg, and represents a conflict of interest in this case. Plaintiff Robert P. Berg respectfully asks the court to strike this affidavit, to strike

---

[1] In contrast, for reasons still inexplicable, Plaintiff's former counsel did not propound any timely discovery requests or deposition notices -- resulting in no discovery from the Defendant.

those portions of Defendant's opposition that relies on this affidavit, and to instruct Ms. Parrish to no longer work with Ms. Symons' counsel and to take no action that further damages Plaintiff's case. In the event that the Court believes that proof of Mr. Berg's cooperation with former counsel is relevant, Plaintiff will make documents available for in camera inspection.

### D. Conclusion

Because it would be manifestly unjust for the Plaintiff to be disallowed his entire causes of action for copyright infringement, trademark infringement, and trade dress infringement by virtue of the deemed admissions, Plaintiff respectfully asks the court to permit him to amend the deemed admissions to the answers already served on Defendant. Furthermore, Plaintiff respectfully requests that the court strike the Affidavit of Linda C. Parrish and strike those portions of Defendant's opposition that relies on this affidavit.

Respectfully submitted,

GOLDEN & RHODES, LLP

Date: 12/1/2004    By: _____
Philip T. Golden
Attorney-in-Charge
Texas State Bar No. 08089502
S.D. Texas No. 14,138

6750 West Loop South, Suite 920
Bellaire, Texas 77401
Telephone: (713) 592-6662
Facsimile: (713) 592-6632

ATTORNEY FOR PLAINTIFF,
ROBERT P. BERG d/b/a BOB BERG BUCKLES
d/b/a SILVERDALES

OF COUNSEL
Sandeep "Sandy" Seth
Texas State Bar No. 18043000
SETH & ASSOCIATES
6750 West Loop South, Suite 920
Bellaire, Texas 77401
Telephone: (713) 592-8500
Facsimile: (713) 592-8506

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above "Plaintiff Robert P. Berg's Reply to Defendant's Opposition to Plaintiff's Motion to Withdraw or Amend Deemed Admissions and Motion to Strike Affidavit of Linda C. Parrish" was sent by first class U.S. Mail on 12/1/2004 to the following counsel of record:

>Ms. Jody M. Goldstein
>Goldstein & Faucett, LLP
>1177 West Loop South, Suite 400
>Houston, Texas 77027
>Telephone: (713) 877-1515
>Facsimile: (713) 877-1737

_____
Philip T. Golden

Z:\PTG\My Documents\PTG Client Matters\Berg, Bob\002\P's Reply to D's Opp to P's M to Withdraw Deemed Admissions.doc