IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT P. BERG D/B/A BOB BERG BUCKLES D/B/A SILVERDALES, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-03-2683 |
| JOANNE SYMONS D/B/A HYOSILVER, | § § § § | |
| Et. Al | § § | |
| Defendants. | § | |

### DEFENDANT JOANNE SYMONS' EMERGENCY APPLICATION FOR EXPEDITED TEMPORARY RESTRAINING ORDER

It has recently come to the attention of Defendant, Joanne Symons, that Plaintiff, Robert P. Berg, has been making false and disparaging remarks about Ms. Symons and her business, Hy O Silver, to customers and potential customers. Ms. Symons therefore asks the Court to issue a temporary restraining order, restraining Mr. Berg from such behavior for the duration of the order. Ms. Symons also requests an oral hearing, at which she would ask the Court to issue a permanent injunction, enjoining Mr. Berg from making false and misleading disparaging remarks.

Ms. Symons has received several telephone calls inquiring as to whether or not Hy O Silver remains in business. In each instance, the caller has indicated that he or she had been at the Houston Livestock Show & Rodeo, speaking with Mr. Berg. In each instance, Mr. Berg claimed that he had won a multi-million dollar copyright infringement lawsuit against Ms. Symons and that Hy O Silver would be going out of business.

Federal Rule of Civil Procedure 65(b) states that a temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney[1] only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Attached to this Motion as Exhibit 1 is a letter from Houston resident Jean Herrington, who had a similar conversation with Mr. Berg at the Houston rodeo. Ms. Herrington and her friend Susan Girard were told by Mr. Berg (1) that Ms. Symons had stolen two million dollars from him, (2) that this Court issued a verdict in his favor, (3) that this Court ruled that Ms. Symons could no longer make any product that resembled his, (4) that Ms. Symons was selling "stolen product" and (5) that the Court had shut Hy O Silver down.

As this Court is aware, Ms. Symons has a counterclaim pending against Mr. Berg for tortuous interference with her business. Though the evidentiary part of this trial has concluded, it is apparent that Mr. Berg is continuing to disparage Ms. Symons and that she is suffering business losses due to this disparagement. As this Court is also aware, no verdict has been issued in this case, so Mr. Berg's statements are clearly false and misleading. Ms. Symons is unaware of the number of clients or potential clients who

---

[1] Mr. Berg's counsel, Philip Golden, has been notified of his client's activities, both by email and by telephone. Defendant's counsel, Edward Goldstein, informed Mr. Golden, by telephone on Friday March 11, 2005, of Defendant's intention to file a request for a temporary restraining order based on Mr. Berg's repeated statements.

have been subjected to these disparaging comments and is therefore suffering the irreparable and immediate harm contemplated by Fed. Rule Civ. Pro. 65(b).

Mr. Berg's attorneys have been notified about the statements their client has been making, but are clearly unable to stop Mr. Berg from spreading these harmful lies[2]. Ms. Symons therefore asks the Court to issue a temporary restraining order that would keep Mr. Berg from continuing to make these false statements at least until a final ruling is issued in the parties' present litigation.

Date: March 15, 2005    Respectfully submitted,

**GOLDSTEIN & FAUCETTL.L.P.**

By: /s Jody M. Goldstein
Jody M. Goldstein
State Bar No. 24002153
Edward W. Goldstein
Holly H. Barnes
1177 West Loop South
Suite 400
Houston, TX 77027
Telephone: 713-877-1515
Facsimile: 713-877-1737

ATTORNEYS FOR DEFENDANT
JOANNE SYMONS

OF COUNSEL
Matthew J.M. Prebeg
Glover Miller Lewis & Prebeg
1500 McGowen Street
Suite 200
Houston, TX. 77027
Telephone: (713) 621-3306
Facsimile: (713) 621-2259

---

[2] Defendant's counsel, Holly Barnes, sent the email attached as Exhibit 2 to Mr. Golden asking him to address the issue with his client. The redacted version of Mr. Golden's response is attached as Exhibit 3.

3

Case 4:03-cv-02683   Document 90   Filed on 03/15/05 in TXSD   Page 4 of 4

4