IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



United States Courts
Southern District of Texas
FILED

DEC 1 2 2005

Michael N. Milby, Clerk

| | | |
|---|---|---|
| ROBERT P. BERG<br>d/b/a BOB BERG BUCKLES<br>d/b/a SILVERDALES,<br><br>Plaintiff,<br><br>v.<br><br>JOANNE SYMONS<br>d/b/a HY O SILVER, et al.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. H-03-2683 |

## PLAINTIFF ROBERT P. BERG'S MOTION FOR CONTEMPT

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Robert P. Berg d/b/a Bob Berg Buckles and d/b/a Silverdales asks this court to find Defendant JoAnne Symons d/b/a Hy O Silver in contempt of Court for failing to abide by the Court's October 17, 2005 final judgment and order of injunction permanently enjoining Ms. Symons and those working in concert with her from producing or selling jewelry or belt buckles using any design copyrighted by Bob Berg or Bob Berg Buckles and to impose a contempt penalty for these continuing acts of infringement.

In the affidavit of Joanne Symons of October 31, 2005, used to support her motion for contempt against Mr. Berg, Ms. Symons testified under penalty of perjury as follows:

> "7. Each design that I determined to be the same or similar to one copyrighted by Mr. Berg was immediately pulled from my inventory and my website and was no longer offered for sale."

As seen from the attached exhibits, this testimony is inaccurate and false.

Accompanying this motion is the Declaration of Philip T. Golden authenticating the following: Exhibit A--U.S. Copyright Registration No. VA-1-091-617 and the deposit material accompany the registration; Exhibit B--a printout from the Hy O Silver website found at <www.hyosilver.com> and printed on December 1, 2005; Exhibit C--Ms. Symons affidavit identified above; and Exhibits D-M--side-by-side comparisons of Berg authored and copyrighted jewelry pieces from Exhibit A with infringing Symons jewelry pieces from Exhibit B.

## DISCUSSION

### 1. The Law--Exclusive Rights of Copyright Owner

Under the Copyright Act, the owner of a copyright is the only person allowed to copy the works or to prepare derivative works based on the copyrighted work. 17 U.S.C. § 106 provides (emphasis supplied):

> § 106. Exclusive rights in copyrighted works
>
> Subject to sections 107 through 122, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:
>
> (1) <u>to reproduce the copyrighted work in copies</u> or phonorecords;
>
> (2) <u>to prepare derivative works</u> based upon the copyrighted work;
>
> (3) <u>to distribute copies</u> or phonorecords <u>of the copyrighted work to the public by sale or other transfer of ownership</u>, or by rental, lease, or lending;
>
> (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;
>
> (5) <u>in the case of</u> literary, musical, dramatic, and choreographic works, pantomimes, and <u>pictorial, graphic, or sculptural works</u>, including the individual images of a motion picture or other audiovisual work, <u>to display the copyrighted work publicly</u>; and
>
> (6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

The meaning of a "derivative work" is given in the definitional section of the Act:

§ 101. Definitions

\* \* \*

A "derivative work" is a work based upon one or more <u>preexisting works</u>, such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, sound recording, art reproduction, abridgment, condensation, **or any other form in which a work may be recast, transformed, or adapted**. A work consisting of editorial revisions, annotations, elaborations, or other modifications, which, as a whole, represent an original work of authorship, is a "derivative work."

\* \* \*

To support a claim of copyright infringement, the copy must bear a substantial similarity to the protected aspects of the original. Under the ordinary observer or audience test used in making this factual determination, a layman must detect piracy without any aid or suggestion or critical analysis by others. The reaction of the public to the matter should be spontaneous and immediate. *Peel & Co. v. Rug Mkt.,* 238 F.3d 391, 398 (5th Cir. 2001).

In general, the test for copyright infringement by a derivative work is similar to the test for copyright infringement. In most infringement cases, infringement of expression occurs only when the total concept and feel of the works in question are substantially similar. But the derivative work issue, like the fair use issue, should turn on the qualitative nature of the taking. Thus, a work may be found to be derivative even if it has a different total concept and feel from the original work. *Mulcahy v. Cheetah Learning LLC*, 386 F.3d 849, 853-854 (8th Cir. 2004).

2. **Symons Continued Infringement and Contempt of the October 14, 2005 Final Judgment and Order of Injunction**

Here, a review of Exhibits D-M show that Symons continues to infringe Berg's works and violates his exclusive rights under 17 U.S.C. §§ 106(1), 106(2), 106(3), and 106(5) notwithstanding this Courts' October 14, 2005 final judgment permanently enjoining Symons

and her agents, servants, employees, attorneys, and those acting in concert with her from "producing or selling jewelry or belt buckles using any design copyrighted by Bob Berg or Bob Berg Buckles" and notwithstanding her prior testimony before this Court, see Exhibit C, that she has complied with the permanent injunction ordered by this court.

For example, <u>Exhibit D</u>, page 1, a side-by-side comparison of Berg Product No. 4508 with Symons Style No. ER004 shows the two earrings to be identical designs. Likewise, page 2 of Exhibit D is a side-by-side comparison of Berg Product No. 4519 with Symons Style No. PN003 showing the Symons pendant to be identical to Berg's earring design. As is the case with all the other Berg product numbers discussed below, Berg Product Nos. 4508 and 4519 are part of the deposit materials of the '617 copyright registration in this case.

<u>Exhibit E</u>, pages 1-3, likewise show a circular flower design authored by Mr. Berg used in conchos (Product Nos. 4002, 4004), earrings (Product Nos. 4505, 4506, 4510,), bracelets (Product Nos. 2002, 2005), pendants (6505), and necklaces (6524, 6525, 6526, 6527). As can be seen therein, at times the circular flower designs are of identical size and at other times are different sizes in the same jewelry piece. A review of pages 4 and 5 of Exhibit E, show that Symons continues to use the same design in her pendants (PNC01, PNC02), bracelets (BCS31A, BCS31C, BCS31D, BSC10D), earrings (ERP12, ERO13A, HP005, HP007, HP006, HP001, ERP09), and necklaces (HYN009). As do Berg's, some of Symons' jewelry features the circular designs of the same size and others feature circular designs of different sizes. Moreover, as in some of Berg's designs, Symons also combines this copyrighted element with other designs

including other Berg copyrighted designs. (See, e.g., Exhibit K showing a side-by-side comparison of Berg copyrighted cross designs and Symons infringing cross designs.)[1]

Exhibit F shows a side-by-side comparison between Berg bracelets (2004), conchos (4013), earrings (4511) and pendants (6506) featuring his copyrighted oval "scorpion looking" flower design with Symons identical bracelet (BSC34A). The second page of this exhibit shows the same design featured again in a Symons bracelet and what also appears to be earrings (unknown Symons Style No. X) at the center of the page below the BYRA trophy buckle.

Exhibit G shows the basic unbordered flower design authored and copyrighted by Berg as featured in his earrings (4509) and pendants (6510). A side-by-side comparison of this design with the design featured in Symons bracelet (BCS53) shows the two to be identical. Symons bracelet also looks like Berg's Product No. 6527 in Exhibit E.

Exhibit H shows a side-by-side comparison between a Berg copyrighted tapered bracelet design (2024) and Symons tapered bracelet designs (BCS10F, BCS10G). As can be seen, the Symons designs are both substantially similar to the Berg designs, featuring a substantially similar circular flower design superimposed on ornate vine and leaf scrollwork, or at minimum are derived therefrom.

Next, Exhibit I shows Berg's copyrighted basic rectangular pattern design embodied in dress buckles (3002, 3003), conchos (4014, 4015, 4020), earrings (4514), pendants (6511), and bracelets (2003). It also shows a Symons dress buckle (CC004), conchos (CC006, SC005), and a bracelet (BSC54). A side-by-side comparison demonstrates that Symons uses in these pieces a

---

[1] Also troubling is that Ms. Symons continues to feature the same basic circular flower design in her Hy O Silver boot spur logo that is show on page 6 of Exhibit D. This logo appears on every page of her website at <www.hyosilver.com> and in other Hy O Silver marketing literature.

basic rectangular pattern design that is a substantially similar to the Berg copyrighted design or, at a minimum, is a derivative work based upon Berg's copyrighted work.

As shown in Exhibit J, Symons even uses a substantially similar knife design (KN006) to Berg's copyrighted knife design (5505). Specifically, her design substantially copies the three roses with leaf scroll design authored by Berg or, at a minimum, is derived therefrom.

Exhibit K shows a side-by-side comparison of Berg's copyrighted tapered ring featuring his flower and scroll leaf design (7004, 7007) and Symons substantially similar or derivative tapered ring designs (RP008, RP008A, RP005, R0014, RP003, RM004).

Exhibit L shows a side-by-side comparison of Berg's cross pendants featuring his flower and scroll leaf design (6501, 6502, 6503, 6504) and Symons substantially similar or derivative earrings (HP003) and pendants (PNX25, PNX18).

Exhibit M shows another instance of Symons deriving her designs from Berg's copyrighted designs and using substantially similar designs. More specifically, Exhibit M shows Berg's copyrighted pendant (6507), earring (4518), and concho (4018) featuring his single flower scroll leaf design inside a triangular border. The Exhibit shows Symons using the same single flower leaf scroll leaf design in a square border in her earrings (ERP02, ERP03), pendant (PN016, PN015), cufflinks (CLP01), rings (RP011, RP011Z), and bracelets (BSC41, BSC42, BCS66, BSC43, BSC46).

In summary, the following product or style numbers of Symons infringe Berg's copyrighted works: ER004, PN003, PNC01, PNC02, BCS31A, BCS31C, BCS31D, BSC10D, ERP12, ERO13A, HP005, HP007, HP006, HP001, ERP09, HYN009, boot spur logo, BSC34A, (unknown Symons Style No. X), BCS53, BCS10F, BCS10G, CC004, CC006, SC005, BSC54, KN006, RP008, RP008A, RP005, R0014, RP003, RM004, HP003, PNX25, PNX18, ERP02,

ERP03, PN016, PN015, CLP01, RP011, RP011Z, BSC41, BSC42, BCS66, BSC43, BSC46 --- 48 products in all.

## CONCLUSION

Despite a clear and unambiguous division of the copyrights in the divorce decree, Ms. Symons decided to compete against her former husband by selling infringing jewelry. After Mr. Berg sued her, and obtained a final judgment from the Court permanently prohibiting her from producing or selling any jewelry using any design copyrighted by Bob Berg, she continues to infringe. Some of her acts of continued infringement are identical "knock-offs" of Mr. Berg's jewelry pieces. Others are jewelry pieces featuring only minor variations from Mr. Berg's copyright-protected jewelry designs. At a minimum, she continues to use designs that are transformed designs that are based upon Berg's preexisting copyrighted jewelry designs.

Ms. Symons still refuses to start with a blank slate, with a new designer who has not studied Berg's jewelry designs, to create new pieces. The Defendant seems to believe that if she does not sell exact replicas of Mr. Berg's jewelry that she stipulated to infringing, that she is not infringing. What Ms. Symons forgets, or ignores, is that when she makes minor variations to the copyrighted designs, and when she makes derivative works, she is infringing. When she uses the same designs, and puts them in a different shape, such as transforming a square shape into a circular shape, she is infringing. When she takes a copyrighted design featured in several of Mr. Berg's jewelry pieces, such as conchos, and places it in a boot spur, or on a bracelet, she is still infringing. When she changes the number of links, such as adapting a bracelet from having three design elements to four design elements, she is infringing. When she only changes the method of attachment, or when only the colors have been changed, she is still infringing. As

seen from the exhibits and evidence presented in this motion, it is no wonder why Mr. Berg's frustration with his former wife continues to blaze after trial and judgment.

WHEREFORE, Plaintiff Robert P. Berg d/b/a Bob Berg Buckles and d/b/a Silverdales asks the Court to: (a) find Defendant JoAnne Symons d/b/a Hy O Silver in contempt of Court; (b) impose a contempt penalty in the amount of $5,000 per continued infringement for a total of $240,000; (c) permanently enjoin the Defendant from continuing to reproduce the copyrighted works in copies; prepare derivative works based upon Berg's copyrighted works; publicly distribute copies of Berg's copyrighted works; and publicly display the copyrighted works at issue in any form; and (d) grant the Plaintiff all other relief to which he is justly entitled.

Respectfully submitted,

GOLDEN & ASSOCIATES

Date: 12/12/2005

By: /s/ Philip T. Golden
Philip T. Golden
Attorney-in-Charge
State Bar No. 08089502
S.D. Texas No. 14,138

2626 South Loop West, Suite 650-T
Houston, Texas 77054
Telephone: (713) 592-6662
Facsimile: (866) 457-6405

ATTORNEY FOR PLAINTIFF,
ROBERT P. BERG d/b/a BOB BERG BUCKLES
d/b/a SILVERDALES

OF COUNSEL:
Mr. Sandeep "Sandy" Seth
Seth & Associates
Frost Bank Building
6750 West Loop South, Suite 920
Bellaire, Texas 77401
Telephone: (713) 592-8500
Facsimile: (713) 592-8506

## CERTIFICATE OF SERVICE

I hereby certify that on December ___12___, 2005, a true and correct copy of the foregoing PLAINTIFF ROBERT P. BERG'S MOTION FOR CONTEMPT was served on the following counsel of record, pursuant to the Federal Rules of Civil Procedure:

Ms. Jody M. Goldstein
Goldstein & Faucett, LLP
1177 West Loop South, Suite 400
Houston, Texas 77027
Telephone: (713) 877-1515
Facsimile: (713) 877-1737

_____
Philip T. Golden

C:\Documents and Settings\Owner\My Documents\Backup Data\PTG Client Matters\Berg, Bob\P's Motion for Contempt (Final).doc