IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT P. BERG D/B/A § | | |
| BOB BERG BUCKLES D/B/A § | | |
| SILVERDALES, § | | |
| § | | |
| Plaintiff, § | Civil Action No. 4:03-cv-02683 | |
| § | | |
| v. § | | |
| § | | |
| JOANNE SYMONS D/B/A § | | |
| HYOSILVER, et al § | | |
| § | | |
| Defendants. § | | |

### DEFENDANT JOANNE SYMONS' MOTION TO OFFSET JUDGMENTS

Defendant Ms. Symons asks the Court for an order to offset a $25,000 judgment obtained by her against Mr. Robert Berg's judgment in the amount of $15,000 against Ms. Symons.

On October 17, 2005, this Court entered a judgment for Plaintiff Robert Berg to recover statutory damages in the amount of $2,000 for each of the forty works that Symons stipulated to infringing, for a total of $80,000.[1] A Payment Agreement was entered into between the parties, and as per the agreement $15,000 is still owed to Mr. Berg.[2]

Defendant recently filed Defendant's Motion to Assess Award of Attorney's Fees as sanctions in *Robert P. Berg, et al v. Joanne Symons, et al* in the District Court for the 216th District – Bandera County, Texas; No. 8045-01.[3] The Order was GRANTED on March 15, 2007 and Plaintiff is ordered to pay attorney's fees equaling $25,000.

---

[1] Order is attached as Ex. A.
[2] Payment Agreement is attached as Ex. B.
[3] Order is attached as Ex. C.

Since both parties owe money to one another, Ms. Symons would like to off set her debt. The setoff would cancel Ms. Symons' debt and decrease Mr. Berg's debt to $10,000 ($25,000 - $15,000 = $10,000).

## ARGUMENT

"'As early as 1855, Texas courts held that there is no doubt of the power of courts independent of statute to set off mutual judgments against each other. Such power has long been exercised by both courts of law and equity.'" *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 468 (Tex. 1995) (quoting *Simpson v. Huston*, 14 Tex. 476, 481 (1855)). It is well settled that the courts have jurisdiction to order a setoff as between mutual judgments. *Shinholt v. Angle*, 90 F.2d 297, 298 (5th Cir. 1937). "There is no doubt of courts power, independent of statute, to set off mutual judgments against each other; such power has long been exercised by both courts of law and equity." *Beutel v. Dallas Flood Control Dist.*, No. 1,916 S.W.2d 685 (Tex. App. Waco 1996).

The general view has been taken that, where the applicant for a setoff moves for the setoff in the proper court, the judgments of different courts may be set off against each other. *Turner v. Dickey*, 3 F. Supp. 360, 361 (D. Tenn. 1932). "A judgment in one court can be offset by a judgment in another in the same state, or by a judgment in a different state, or a judgment in a state court by one in a Federal court*." Reed v. Smith*, 158 F. 889, 890 (U.S. Court of Appeals 1908). It does not matter that the judgment against Ms. Symons was ordered by a federal court and that the judgment against Mr. Berg was rendered in state court. So long as the applicant moves in the proper court, a setoff can be granted.

To obtain a setoff as between judgments of different courts, the application should be made to the court in which the judgment against the applicant was rendered. *Welsher v. Libby*,

2

107 Wis. 47 (Wis. 1900). "The party desiring the setoff must move in the court where the judgment against him was recovered, because that is the court that controls the judgment." *Tootle-Weakley Millinery Co. v. Billingsley*, 74 Neb. 531 (Neb. 1905). This Court ordered the judgment against Ms. Symons, hence this is the appropriate court in which to bring this motion.

The right of setoff allows entities that owe one another money to apply their debts to each other. *W. Sur. Co. v. Medsolutions, Inc*., 2003 U.S. Dist. LEXIS 1570 at *20 (D. Tex. 2003) (quoting *Sommers v. Concepcion*, 20 S.W.3d 27, 35 (Tex. App.--Houston [14th Dist.] 2000, pet. denied). A setoff of mutual judgments is appropriate judicial response to practical difficulties encountered when parties have mutual judgments. *Bray v. Bray*, 1999 Tex. App. LEXIS 4448 at *10 (Tex. App. 1999) (quoting *Bonham*, 907 S.W.2d at 468.

Both Ms. Symons and Mr. Berg owe one another money. The mutual judgments compensate each other. The chore of paying each other is confusing and unnecessary. A setoff would greatly simplify this issue. Ms. Symons' judgment of $15,000 should be deducted from Mr. Berg's judgment of $25,000, leaving Mr. Berg with a $10,000 payment.

## CONCLUSION

For the reasons set forth above and in an effort to avoid needless cost and confusion, a setoff should be GRANTED. Ms. Symons' judgment of $15,000 should be deducted from Mr. Berg's judgment of $25,000. This setoff would merely cancel Ms. Symons' outstanding balance of $15,000 and leave Mr. Berg with a $10,000 balance.

Date:  May 30, 2007 Respectfully submitted,

/s/ Edward W. Goldstein
Edward W. Goldstein
State Bar No. 08099500
S.D. Bar No. 586
Jody M. Goldstein
State Bar No. 24002153
S.D. Bar No. 33841
**GOLDSTEIN, FAUCETT & PREBEG, LLP**
1177 West Loop South, Suite 400
Houston, TX 77027
Telephone: 713-877-1515
Facsimile: 713-877-1737
Email: egoldstein@gfpiplaw.com
Email: jgoldstein@gfpiplaw.com

**Attorneys for Defendant Joanne Symons**

4

## **CERTIFICATE OF SERVICE**

       The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this pleading was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed.R.Civ.P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by First Class Mail, postage prepaid, on this the 30th day of May, 2007.


Sandeep Seth, Esq.
**Seth & Associates**                                                    **Via First Class Mail**
6750 West Loop South, Suite 920
Bellaire, TX 77401
Telephone: (713) 592-6662
Facsimile: (713) 592-6632


Philip T. Golden, Esq.
**Golden & Rhodes, LLP**                                              **Via First Class Mail**
6750 West Loop South, Suite 920
Bellaire, TX 77401
Telephone: (713) 592-8500
Facsimile: (713) 592-8506



                                              /s/ Edward W. Goldstein_____
                                              Edward W. Goldstein